# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CALVIN ARTHUR GLOVER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CV-793 CAS |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This civil action for equitable relief is before the Court on plaintiff Calvin Glover's Motion for Return of Property filed pursuant to Federal Rule of Criminal Procedure 41(g).[1] The government opposes the motion. Plaintiff has not filed a reply and the time to do so has passed. As a result, the motion is ready for decision. For the following reasons, the motion will be denied without an evidentiary hearing.

In the Motion for Return of Property, Mr. Glover requests that the Court order the Government to return $3,000 in U.S. Currency that he asserts was confiscated from him by federal officers during a traffic stop on April 1, 2007. Glover asserts that federal agents left a message on his mother's answering machine in April 2007 "to collect the $3,000 dollars from there [sic] office," but when Glover went to claim the money the agents questioned him but did not return the cash. Mr. Glover asserts that his criminal proceedings have ended, and appears to suggest the Government has no right to continue to retain the seized cash.

---

[1]Plaintiff Glover's motion was originally filed on February 22, 2017 in his closed criminal case, United States v. Calvin Glover, No. 4:07-CR-767 CAS (E.D. Mo.), under Rule 41(g). "Although a motion is filed under Criminal Rule 41(g), when the filing comes after the termination of criminal proceedings, it is treated as a civil action for equitable relief." United States v. Mendez, 860 F.3d 1127, 1149-50 (8th Cir. 2017) (cited case omitted).

Federal Rule of Criminal Procedure 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." After the Government filed its opposition in this case, the Eighth Circuit Court of Appeals held that the six-year catch-all limitations period of 28 U.S.C. § 2401(a) applies to motions for return of property under Rule 41(g) that are filed after the termination of criminal proceedings. United States v. Mendez, 860 F.3d 1127, 1149-50 (8th Cir. 2017). The statute of limitations begins to run and the cause of action accrues once the district court enters judgment. Id. at 1150.

Judgment was entered in Mr. Glover's criminal case on October 7, 2008. See United States v. Glover, No. 4:07-CR-767 CAS (E.D. Mo.) (Doc. 197). Because Mr. Glover did not file his Motion for Return of Property under Rule 41(g) until February 2017, more than eight years later, it is barred by the six-year statute of limitations of § 2401(a) and this Court lacks jurisdiction over it. See Loudner v. United States, 108 F.3d 896, 900 (8th Cir. 1997) ("Filing within the applicable statute of limitations is treated as a condition precedent to the government's waiver of sovereign immunity, and cases in which the government has not waived its immunity are outside the subject-matter jurisdiction of the district courts.").[2]

---

[2]Even if plaintiff had filed suit in a timely manner, the Government asserts that he would not be entitled to return of the cash because it was seized by the Milwaukee Police Department, not the Government, the cash was never in the Government's possession, and the Government did not adopt the seizure. The Government states that as a result, there was no forfeiture included in Mr. Glover's judgment. The Government does not provide any affidavits or other evidence to support these assertions, however. The Government also asserts that in the Plea Agreement in the criminal case, Mr. Glover agreed to forfeit his entire interest in all items seized by law enforcement officials, specifically admitted that all United States currency seized by law enforcement officials during their investigation constituted the proceeds of illegal activity, and agreed not to file a claim in any forfeiture proceeding or to contest the forfeiture in any manner. See Plea Agreement (Doc. 155 at 5-6), No. 4:07-CR-767 CAS (E.D. Mo.).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Calvin Glover's Motion for Return of Property is **DENIED**. [Doc. 1]

                                                           *[signature]*
                                           **CHARLES A. SHAW**
                                           **UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of August, 2017.